```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                       │
│ DATE FILED: 12-3-14                  │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

VICTOR RODRIGUEZ,

                       Plaintiff,

       -against-

VERIZON TELECOM,

                       Defendant.

------------------------------------------------------x

13-cv-6969 (PKC)(DCF)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Plaintiff Victor Rodriguez, proceeding pro se, brings this action against his former employer, defendant Verizon New York Inc. ("VNY").[1]  Plaintiff alleges that he suffered discrimination and retaliation on the basis of his race and disability under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 200e-17, the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to 8-131.  Plaintiff identifies his race as "Latino" and describes his disability as one in which he suffers from drug addiction and alcoholism. (Amended Complaint ("Am. Compl."), p. 3.)  He alleges that he was not properly trained, improperly disciplined, given a disproportionate amount of work, and that he was fired after his supervisors determined he was intoxicated without following defendant's internal policies in making such a determination. (Id. at 3, 5, 7, 31-33.)  Defendant moves to dismiss the Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P. (Docket No. 13), and plaintiff has not

---

[1] Defendant Verizon New York Inc. was incorrectly referred to in the Amended Complaint as "Verizon Telecom."

responded to the motion despite an opportunity to do so.[2]  For reasons to be explained,

defendant's motion to dismiss is granted in part and denied in part.  Plaintiff states a claim for

disability discrimination under the ADA, the NYSHRL, and the NYCHRL, as he plausibly

pleads that defendant terminated his employment based on the perception that he suffered from

alcoholism and drug addiction.  He fails to state a claim for racial discrimination because he

alleges no facts to show that he suffered an adverse employment action based on his race.

Plaintiff also fails to state a claim for retaliation because he does not show that defendant took

adverse action against him for opposing statutorily prohibited discrimination.

BACKGROUND

   Plaintiff was terminated by defendant at some point prior to June 1, 2010. (Am.

Compl., p. 5.)  He filed a grievance with his union, Communications Workers of America

("CWA"), and thereafter, CWA and defendant reached an agreement allowing plaintiff to return

to work with defendant on June 1, 2010. (Id. at 5-6.)  Plaintiff was rehired as a representative and

alleges that between June 1, 2010 and September 28, 2012, he was subjected to discrimination.

(Id. at 3.)

   Defendant fired plaintiff for a second time on or around September 28, 2012,

allegedly due to plaintiff's conduct during a customer telephone call. (See Pl. Response, p. 3.)

Plaintiff exhibited slurred speech while speaking with a customer and mistakenly transferred the

customer's call to the wrong department (Am. Compl., p. 32.)  Plaintiff alleges that he was

accused of being intoxicated based on defendant's knowledge that he participated in addiction

rehabilitation in 2006. (Id. at 3.)  He claims, however, that the prescribed muscle relaxants that

---

[2] Plaintiff filed a response to defendant's pre-motion letter (Docket No. 12), but has not responded to defendant's
actual motion to dismiss.  The Court considers plaintiff's response to the letter and reads plaintiff's Amended
Complaint as if it had been further amended to incorporate factual assertions in the response.

he takes for his back pain caused his slurred speech. (Id. at 3, 33.)  At another point in the Amended Complaint, plaintiff also claims that his behavior was due to a "sudden bout of severe hiccups." (Id. at 32.)  Plaintiff asserts that defendant fired him without following established procedures for determining whether an employee is intoxicated. (Id. at 3.)

Plaintiff also alleges that defendant failed to comply with the terms of his rehire agreement by not "fully" and "correctly" training him. (Id. at 5.)  Further, plaintiff claims that VNY managers treated him unfairly by giving him a greater workload than others, thereby increasing his potential for errors, and "severely admonish[ing]" him for the slight errors he did make. (Id. at 32-33.)

Plaintiff filed this action on October 1, 2013, alleging retaliation and discrimination on the basis of his race and disability. (Docket No. 2.)  On December 19, 2013, Chief Judge Preska issued an order directing plaintiff to amend his complaint, due to his failure to allege facts in his original complaint showing how he was subjected to discrimination and retaliation. (Docket No. 4.)  Plaintiff filed the Amended Complaint on January 14, 2014. (Docket No. 5.)  On June 27, 2014, defendant moved to dismiss this action for failure to state a claim. (Docket No. 13.)  Plaintiff has failed to respond to the motion to dismiss.

DISCUSSION

I. Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  " 'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " rather, a plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. (quoting Twombly, 550 U.S. at 555).  In considering a Rule 12(b)(6) motion to dismiss, all

non-conclusory factual allegations are accepted as true, see id. at 678–79, and all reasonable

inferences are drawn in favor of the plaintiff.  See In re Elevator Antitrust Litig., 502 F.3d 47, 50

(2d Cir. 2007) (per curiam).  Moreover, plaintiff's pro se pleadings are given a liberal and

generous construction and are read "to raise the strongest arguments that they suggest."

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

omitted).

II. Standard for Discrimination and Retaliation Claims

          Claims for discrimination and retaliation under Title VII, the ADA, and the

NYSHRL are analyzed under the three-part McDonnell Douglas burden shifting framework.[3]

See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Glaser v. Gap Inc., 994 F.

Supp. 2d 569, 572 (S.D.N.Y. 2014) (in the context of ADA and NYSHRL claims); Weinstock v.

Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) (in the context of Title VII and NYSHRL

---

[3] For many years, courts construed the NYCHRL to be coextensive with federal and state antidiscrimination laws. Mihalik v. Credit Agricole Cheuveux N. Am., Inc., 715 F.3d 102, 108 (2d Cir. 2013).  In 2005, however, the New York City Council amended the NYCHRL to broaden its scope. Id. at 109. "Pursuant to these revisions, courts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs." Id. (internal quotation marks and citations omitted).  In Mihalik, the Second Circuit noted that "[i]t is unclear whether, and to what extent, the McDonnell Douglas burden-shifting analysis has been modified for NYCHRL claims." Id. at 110 n. 8.  The Second Circuit described the appropriate analysis under the NYCHRL as follows:

> While it is unclear whether McDonnell Douglas continues to apply to NYCHRL claims and, if so, to what extent it applies, the question is also less important because the NYCHRL simplified the discrimination inquiry: the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason. The employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that 'discrimination play [ed] no role' in its actions.

Id. (quoting Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 76 (1st Dep't 2009)). The Court need not resolve this issue for purposes of defendant's motion to dismiss.

claims); Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 72 (2d Cir. 2006) (in the context of

retaliation claims).  Under the McDonnell Douglas framework, the plaintiff bears the initial

burden of establishing a prima facie case of discrimination or retaliation. Kirkland v. Cablevision

Sys., 760 F.3d 223, 225 (2d Cir. 2014).  The burden then shifts to the defendant to provide a

legitimate, non-discriminatory reason for its actions. Id.  If defendant does so, the burden shifts

back to the plaintiff to demonstrate that defendant's reason is merely a pretext for discrimination

or retaliation. Id.

       At the pleading stage, however, a plaintiff alleging discrimination or retaliation is

not required to plead a prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11

(2002); see also Williams, 458 F.3d at 72 ("The Swierkiewicz holding applies with equal force to

any claim . . . that the McDonnell Douglas framework covers.")  A plaintiff need only plead facts

that provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon

which it rests." Swierkiewicz, 534 U.S. at 512 (citation omitted).  Nevertheless, the elements of a

prima facie case "provide an outline of what is necessary to render [a plaintiff's discrimination]

claims for relief plausible." Sommersett v. City of N.Y., 09-cv-5916, 2011 WL 2565301, at *5

(S.D.N.Y. June 28, 2011).  "Courts therefore consider these elements in determining whether

there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of

Plaintiff's claim and the grounds on which it rests." Pahuja v. Am. Univ. of Antigua, 11-cv-4607,

2012 WL 6592116, at *9 (S.D.N.Y. Dec. 18, 2012) (internal quotation marks and citation

omitted).

III. Plaintiff States a Claim for Disability Discrimination

       Plaintiff claims that he was terminated because defendant discriminated against

him on the basis of his disability of alcoholism and drug addiction.  The ADA prohibits an

employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  To establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate: "(a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008).

Defendant argues that plaintiff fails to plausibly allege facts showing that he satisfies the second element, that he was disabled within the meaning of the ADA, and the fourth element, that he suffered adverse employment action because of his disability.  Defendant does not dispute that VNY was an employer subject to the ADA or that plaintiff was otherwise qualified to perform his job.  The Court concludes that plaintiff is disabled within the meaning of the ADA, as plaintiff plausibly alleges that defendant regarded him as having the impairment of alcoholism and/or drug addiction and that he was terminated because of his disability.  Thus, plaintiff states a claim for disability discrimination under the ADA, the NYSHRL, and the NYCHRL. The motion to dismiss these claims is denied.

a.  Plaintiff Plausibly Pleads That He Was Disabled Within the Meaning of the ADA

A person has a "disability" within the meaning of the ADA if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment;" or if he is (C) "regarded as having such an impairment." 42 U.S.C. § 12102(1).  The Amended Complaint sufficiently alleges that defendant regarded plaintiff as having an impairment, and thus establishes that plaintiff had a disability within the meaning of the ADA, pursuant to 42 U.S.C. § 12102(1)(C).

- 6 -

Defendant correctly argues that plaintiff fails to establish that he is disabled under 42 U.S.C. § 12102(1)(A). "Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements [that must be met to satisfy § 12102(1)(A)]: the impairment must limit a major life activity and the limitation must be substantial." Marecheau v. Equal Employment Practices Comm'n, 13-cv-2440, 2014 WL 5026142, at *5 (S.D.N.Y. Sept. 30, 2014) (quoting Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005). The regulations implementing the ADA Amendments Act of 2008 ("ADAAA"), Pub.L. No. 110–325, 122 Stat. 3553, provide that an impairment constitutes a disability if "it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii); see also Glaser, 994 F. Supp. 2d at 575. The regulations further state that "major life activities" include but are not limited to "caring for oneself, performing manual tasks, hearing . . . speaking . . . concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i)(1)(i).

Alcoholism and drug addiction constitute a physical or mental impairment within the meaning of the ADA, but are not per se disabilities. See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46-47 (2d Cir. 2002), superseded by statute on other grounds, ADA Amendments of 2008, Pub.L. No. 110–325, 122 Stat. 3553, as recognized in Brooker v. Altoona Hous. Auth., 3:11-cv-95, 2013 WL 2896814, at *9 n. 8 (W.D.Pa. June 12, 2013) ("Alcoholism, like drug addiction, is an 'impairment' under the definitions of a disability set forth in . . . the ADA . . . "[b]ut mere status as an alcoholic or substance abuser does not necessarily imply a 'limitation' under the second part of [the] definition [under § 12102(1)(A)]"). To constitute a disability within the meaning of the ADA, a plaintiff is required to plead facts demonstrating that his alcohol or drug addiction substantially limits one or more of his major life

activities. <u>See</u> <u>Kelly v. N. Shore-Long Island Health Sys.</u>, 13-cv-1284, 2014 WL 2863020, at *6-7 (E.D.N.Y. June 22, 2014) (dismissing plaintiff's disability discrimination claim, in part because plaintiff failed to "state or plead any facts indicating that her alleged alcoholism limited one of her major life activities.")  In <u>Johnson v. N.Y. Presbyterian Hosp.</u>, 00-cv-6776, 2001 WL 829868, at *4 (S.D.N.Y. July 20, 2001) <u>aff'd</u>, 55 F. App'x 25 (2d Cir. 2003), the court held that plaintiff's allegation that he "has a history of alcoholism" was alone insufficient to establish that he was disabled under the ADA, as the allegation failed to demonstrate how his alcoholism constituted a substantial limitation.  Similarly here, plaintiff's only allegations regarding his drug and alcohol addiction are that he went to a rehabilitation program in 2006 (Am. Compl., p. 3) and that he has a "history and battle with addiction." (Pl. Response, p. 3.)  Thus, plaintiff fails to sufficiently plead that he has a disability under 42 U.S.C. § 12102(1)(A), as he has not provided any facts showing how his drug addiction and alcoholism substantially limit one or more of his major life activities.

Neither has plaintiff sufficiently plead a record of disability, pursuant to 42 U.S.C. § 12102(1)(B).  "To establish a record of disability . . . the plaintiff must show that (1) [his] alcoholism was at one time an impairment that substantially limited a major life activity (pursuant to 42 U.S.C. § 12102(1)(A)), and (2) [he] has a record of such impairment." <u>Behringer v. Lavelle Sch. for Blind</u>, 08-cv-4899, 2010 WL 5158644, at *8 (S.D.N.Y. Dec. 17, 2010). Plaintiff fails to meet this standard as he alleges no facts regarding how his impairment substantially limited a major life activity.

While plaintiff has not plead an actual disability or a record of disability, he has plausibly established a disability under the "regarded as" prong of the ADA.  Under the third category of the ADA's definition of disability, a plaintiff must allege that he "has been subjected

to an action prohibited by the ADA . . . because of an actual or perceived impairment that is not

both 'transitory and minor.' " 29 C.F.R. § 1630.2(g)(1)(iii).  The ADAAA added a paragraph

that exempts "regarded as" claimants from being compelled to demonstrate that the disability

they are perceived as having substantially limits a major life activity. 42 U.S.C. § 12102(3) ("An

individual meets the requirement of 'being regarded as having such an impairment' if the

individual establishes that he or she has been subjected to an action prohibited under this chapter

because of an actual or perceived physical or mental impairment whether or not the impairment

limits or is perceived to limit a major life activity.")  Thus, plaintiff need only establish that

defendant regarded him as having a mental or physical impairment and is "not required to

present evidence of how or to what degree [defendant] believed the impairment affected him."

Hilton v. Wright, 928 F. Supp. 2d 530, 554 (N.D.N.Y. 2013) (quoting Hilton v. Wright, 673 F.3d

120, 129 (2d. Cir. 2012).[4]  Here, plaintiff alleges that his manager falsely concluded that he was

under the influence based on the manager's perception that plaintiff has a history with addiction.

(See Pl. Response, p. 3; Am. Compl., p. 3.)  This allegation plausibly establishes that defendant

regarded plaintiff as having a mental or physical impairment. See id. at 554-55 (holding that,

where defendant regarded plaintiff as a former drug and alcohol user, a genuine issue of material

fact existed as to whether defendant regarded plaintiff as having a "drug addiction" or

"alcoholism," "which would constitute a physical or mental impairment for purposes of being

regarded as disabled under § 12102"); Darcy v. City of N.Y., 06-cv-2246, 2011 WL 841375, at

*4 (E.D.N.Y. Mar. 8, 2011) (concluding that for purposes of a summary judgment motion a

---

[4] Prior to January 1, 2009, when the ADAAA went into effect, a plaintiff "seeking to avail himself of the 'regarded as' prong of the definition of 'disability' needed to show that he was perceived as both 'impaired' and 'substantially limited in one or more major life activity.' " Hilton v. Wright, 673 F.3d 120, 128 (2d Cir. 2012) (citations omitted). Pursuant to the ADA amendments that Congress passed in 2008, this standard has been abolished. Id. at 128-29.

rational jury could find that plaintiff was regarded as having an impairment under section 12102(1)(C), where in a remark to plaintiff, defendant implied that plaintiff suffered from alcoholism). Thus, plaintiff has sufficiently pleaded that he is disabled within the meaning of the ADA, pursuant to 42 U.S.C. § 12102(1)(C).

     b.  Plaintiff Plausibly Pleads That He Suffered Adverse Employment Action Because of His Disability

        Plaintiff alleges sufficient facts to demonstrate that defendant took adverse employment action because of his alleged disability. A plaintiff experiences an adverse employment action if he "endures a 'materially adverse change' in the terms and conditions of employment." Davidson v. City of N.Y., 10-cv-4938, 2011 WL 2419887, at *3 (S.D.N.Y. June 7, 2011). Termination is an adverse employment action. See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006). The Amended Complaint states that defendant concluded that plaintiff was drunk on a customer call based on the perception that he suffered from alcoholism (Am. Compl., p. 3), and failed to follow the proper protocol as set forth in defendant's "Guide to Detecting Substance Abuse or Alcohol Misuse." (Id. at 7.) The Amended Complaint, however, never connects defendant's alleged determination that plaintiff was under the influence of alcohol with an adverse employment action. In his response to defendant's pre-motion to dismiss letter, plaintiff does draw the following connection:

> On the last OBSERVATION [a method employed by Verizon to monitor calls], my manager erroneously concluded that that [sic] I was under the influence. The Manager made this conclusion based on my history and battle with addiction. The Manager is not trained to make that assessment and should have followed Verizon's Policy. Instead, I believe he discriminately reported that I was intoxicated and moved to dismiss me.

(Pl. Response, p. 3.) The Court deems the Amended Complaint further amended to incorporate this statement.

The statement in plaintiff's response sufficiently connects plaintiff's dismissal and his disability.  "[T]he pleading requirements in discrimination cases are very lenient, even de minimis." Peterec-Tolino v. Commercial Elec. Contractors, Inc., 08-cv-0891, 2009 WL 2591527, at *2 (S.D.N.Y. Aug. 19, 2009) (quoting Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003)). To survive a motion to dismiss, a plaintiff is simply required to "set forth factual circumstances from which a discriminatory motivation can be inferred." Ortiz v. Standard & Poor's, 10-cv-8490, 2011 WL 4056901, at *3 (S.D.N.Y. Aug. 29, 2011) (citations omitted).  "Without any direct proof, the 'timing or sequence of events leading to the plaintiff's termination' can be a circumstance that gives rise to an inference of discrimination." Behringer, 2010 WL 5158644, at *11 (citing Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996)).  Here, plaintiff states that on the last occasion that defendant monitored his calls he was wrongly accused of being under the influence and was thereafter dismissed. (See Pl. Response, p. 3.)  This claim goes beyond mere conclusory assertions, sufficiently describing the nexus between his disability and his termination, and thereby providing fair notice of the ground upon which his claims rest. See Swierkiewicz, 534 U.S. at 512; Davidson, 2011 WL 2419887, at *3 (denying defendant's motion to dismiss plaintiff's disability claim because complaint provided fair notice of plaintiff's claim despite omitting central details in connection with the claim.)  Defendant's motion to dismiss plaintiff's claim pursuant to the ADA is denied.

c.  Plaintiff Plausibly Pleads Disability Discrimination Claims Under the NYSHRL and the NYCHRL

The elements that must be proven to establish an ADA claim are the same elements that apply to claims under the NYSHRL and the NYCHRL. Kinneary v. City of New York, 601 F.3d 151, 158 (2d Cir. 2010).  "However, the NYSHRL provides broader protection than the ADA, and the NYCHRL is broader still." Pagan v. Morrisania Neighborhood Family

Health Ctr., 12-cv-9047, 2014 WL 464787, at *6 (S.D.N.Y. Jan. 22, 2014).  The NYSHRL and

the NYCHRL define "disability" more broadly than the ADA, and neither requires any showing

that an impairment substantially limit a major life activity. Phillips v. City of N.Y., 66 A.D.3d

170, 184 (1st Dep't 2009); Pagan, 2014 WL 464787, at *6 n. 4; Glaser, 994 F. Supp. 2d at 573

(in the context of the NYSHRL).  Plaintiff sufficiently pleads a disability discrimination claim

under the more rigorous ADA standard, and thus has also stated claims under the NYSHRL and

the NYCHRL. See Pagan, 2014 WL 464787, at *6 ("[Plaintiff] having pleaded a claim under the

more demanding ADA standard, he has also pleaded claims under the NYSHRL and the

NYCHRL."); Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009)

(explaining that the ADA and NYSHRL constitute a "*floor* below which the City's Human

Rights law cannot fall").  The motion to dismiss plaintiff's federal, state, and city disability

discrimination claims must be denied.

IV. Plaintiff Fails to State a Claim for Racial Discrimination

> Title VII makes it unlawful for an employer, inter alia: "to discriminate against
any individual . . . because of such individual's race, color . . . or national origin." 42 U.S.C. §
2000e-2(a)(1).  Discrimination claims under the NYSHRL are subject to the same analysis as
Title VII claims. See Stewart v. City of N.Y., 11-cv-6935, 2012 WL 2849779, at *5 n.1
(S.D.N.Y. July 10, 2012) (citing Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997)).  The
Court thus analyzes plaintiff's federal and state racial discrimination claims together.

> "To prevail on a Title VII disparate treatment claim, a plaintiff must ultimately
prove that '(1) he is a member of a protected class; (2) he is competent to perform the job or is
performing his duties satisfactorily; (3) he suffered an adverse employment decision or action;
and (4) the decision or action occurred under circumstances giving rise to an inference of

discrimination based on his membership in the protected class.' " La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 211 (2d Cir. 2010) (quoting Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005)).

    To state a racial discrimination claim pursuant to Title VII the plaintiff must draw a connection between the adverse employment action and the plaintiff's race, color, or national origin. See Amofa v. Bronx-Lebanon Hosp. Ctr., 05-cv-9230, 2006 WL 3316278, at *3 (S.D.N.Y. Nov. 13, 2006) (dismissing Title VII claims because plaintiff's allegations failed to indicate that the alleged discriminatory employment actions came about because of his race, color, or national origin); Perry v. Sony Music, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (dismissing Title VII claims because plaintiff provided no "detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that his race played a role" in employer's actions).  Here, plaintiff fails to indicate the required nexus between his race/ethnicity and defendant's actions.  The only reference to plaintiff's race in the Amended Complaint is the box plaintiff checked to indicate that he was discriminated against based on his Latino race/ethnicity. (See Am. Compl., p. 3.)  Plaintiff's federal and state racial discrimination claims must be dismissed because plaintiff fails to provide any basis for the belief that his Latino race/ethnicity was connected to the adverse employment actions he suffered.

    The NYCHRL is to be construed more broadly than its state and federal counterparts, and claims under the NYCHRL must be analyzed separately and independently. See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013).  The Court does not read Mihalik as holding that pleadings asserting claims under the NYCHRL are to be construed more broadly.  Rather, on those occasions when a court is called upon to construe the language of the NYCHRL, it is to construe the statute liberally with the federal and

state statutes as a floor but not a ceiling. <u>See</u> The Local Civil Rights Restoration Act of 2005,

N.Y.C. Local Law No. 85 (2005) ("The provisions of this [ ] title shall be construed liberally . . .

."). A district court is required to analyze a NYCHRL claim separately because the statute

against which it is measured may be construed differently. <u>Mihalik</u>, 715 F.3d at 112. Under the

NYCHRL, the plaintiff must show that his employer treated him less well than other similarly

situated employees, at least to some degree for discriminatory reasons. <u>Id.</u> at 110 n. 8. Because

the Court has concluded that plaintiff has not drawn any connection whatsoever from his race to

the adverse employment action, an analysis even under the less demanding standards of the

NYCHRL would result in the dismissal of plaintiff's claim. <u>See</u> <u>Wilson v. N.Y.P. Holdings, Inc.</u>,

05-cv-10355, 2009 WL 873206, at \*29 (S.D.N.Y. Mar. 31, 2009) ("[A]s the Court has concluded

that there is no genuine issue of material fact as to whether Defendant acted in a discriminatory

manner at all in respect to these claims, no construction of the NYCHRL, no matter how broad,

would compel a different result.") Plaintiff's federal, state, and city racial discrimination claims

must be dismissed.

V. Plaintiff Fails to State a Claim for Retaliation

        Plaintiff purports to allege claims for retaliation in violation of Title VII, the

ADA, the NYSHRL, and the NYCHRL, each of which forbid employers from retaliating against

employees for opposing statutorily prohibited discrimination. <u>See</u> <u>Missick v. City of N.Y.</u>, 707 F.

Supp. 2d 336, 356 (E.D.N.Y. 2010) ("Title VII . . . the ADA, the NYHRL, and the NYCHRL

each forbid employers from retaliating against employees who engage in protected activities.")

The standard for analyzing a retaliation claim is the same under Title VII, the ADA, and the

NYSHRL. <u>See</u> <u>Weissman v. Dawn Joy Fashions, Inc.</u>, 214 F.3d 224, 234 (2d Cir. 2000)

(applying analysis of ADA retaliation claim to plaintiff's retaliation claim under NYSHRL);

Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir. 1999) ("[I]t is appropriate to apply the framework used in analyzing retaliation claims under Title VII in analyzing a claim of retaliation under the ADA."); Lewis v. Erie Cnty. Med. Ctr. Corp., 907 F. Supp. 2d 336, 349 (W.D.N.Y. 2012) ("The court applies the same framework for analyzing Title VII, ADA, and NYSHRL retaliation claims."). To establish a prima facie case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." McMenemy v. City of Rochester, 241 F.3d 279, 282-83 (2d Cir. 2001). The term "protected activity" has been defined as "action taken to protest or oppose statutorily prohibited discrimination." Santucci v. Veneman, 01-cv-6644, 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002).

This Court separately analyzes plaintiff's retaliation claim under the NYCHRL. Retaliation claims brought under the NYCHRL "cover a broader range of conduct than their state and federal counterparts." Krasner v. City of N.Y., 580 F. App'x 1 (2d Cir. 2014). "To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that [he] took an action opposing [his] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in [protected activity]." Mihalik, 715 F.3d at 112 (internal citations omitted).

Plaintiff fails to allege any facts that show that he participated in a protected activity. He offers no evidence that he engaged in any activity opposing an unlawful practice under Title VII, the ADA, the NYSHRL, or the NYCHRL. See McManamon v. Shinseki, 11-cv-7610, 2013 WL 3466863, at *5 (S.D.N.Y. July 10, 2013) ("The Title VII retaliation allegation . . . must be dismissed, because [the Amended Complaint] does not allege that [plaintiff] ever

engaged in protected activity by challenging employment practices that, if proven, were unlawful under Title VII, let alone that he was retaliated against for such activity.") (internal citation and quotation marks omitted).  To the extent plaintiff claims he was retaliated against because his union fought for him to be rehired in 2010, this claim must fail as well, as plaintiff does not show how this constitutes participation in a protected activity.[5]  Plaintiff's retaliation claims must be dismissed.

CONCLUSION

        For the reasons outlined above, defendant's motion to dismiss is GRANTED in part and DENIED in part.  Defendant's motion to dismiss plaintiff's disability discrimination claims under the ADA, the NYSHRL, and the NYCHRL is denied; defendant's motion to dismiss plaintiff's racial discrimination and retaliation claims is granted.  Counsel for defendant shall provide plaintiff with copies of all unreported decisions cited herein.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      December 2, 2014

---

[5] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in February 2013. (See Declaration of Howard M. Wexler, Exhibit D).  In the EEOC's "Recommendation for Closure" Memorandum, an EEOC investigator wrote that he interviewed plaintiff by phone on July 18, 2013, and plaintiff "stated that he was discharged in retaliation because in the previous year the union fought against management and was able to get his job back after he was terminated." (Id. at 8.)